## STEWARD *vs.* RIGGS & *al.*

A jail bond was taken and a suit commenced thereon by an attorney for an alleged breach of it, without the knowledge of his client.   The obligor afterward paid to the attorney the amount due on the bond, who wrote a discharge on the back of it, and delivered it to the obligor.   Before, however, the latter had put up the bond, and retired from the attorney's office, where they then were, it occurred to the attorney, that he had accidentally omitted to take pay for the writ and service in the case, and he thereupon demanded the same of the obligor, who refused to pay it.   The attorney then offered to return the money and demanded a return of the bond, but the obligor refused to receive the one, or deliver the other.   The attorney then wrote to his client, stating the circumstances, omitting the fact of the payment and discharge aforesaid, and asking him if he would be responsible for all costs and advances ; to which his client replied affirmatively, directing him to proceed with the suit.   *Held,* that under these circumstances, the attorney had no such interest in the suit, as should have excluded him from being a witness.

Such payment, and writing on the bond, under the circumstances of the case, did not discharge the bond; but the action founded on it, might still be pursued.

There being no dispute as to the foregoing facts, the question, whether they amounted to payment, was a *question of law,* and not a question for the jury.

THIS was an action of debt on a jail bond. Plea, *non est factum,* with a brief statement. The bond declared on, was produced in evidence from the custody of *Fiske,* one of the defendants, with a discharge written upon the back of it, and with the names of the signers erased.

*William D. Williamson,* a witness for the plaintiff, testified, though objected to as incompetent, that when the bond went from his hands, there was no erasure of signatures, or mutilation of seals. That some time in *July,* 1831, he wrote to the plaintiff, in substance, that he had brought suits against *Riggs,* and *Fiske,* his surety, on a jail bond taken in the plaintiff's name, and as his, *Williamson's,* testimony in the case, might be material, he wished him to let him know, whether he, the plaintiff, would be responsible for costs and advances. To which the plaintiff replied in the affirmative; directing him to proceed with the suit. *Mr. Williamson* further stated, that prior to this, on the 11th *of March,* 1831, *Fiske* came into his office and proposed to settle the demand. That he, *Williamson,* calculated the amount, and found $22,50 due, and so told *Fiske,* which sum he, *Fiske,* thereupon paid him. That previous to this, he had written a discharge on the bond, and handed it to *Fiske.* That before putting up the money, and while counting it a second time, to see what kind of bills they were, he recollected that a writ had been made upon the bond and put into the hands of an officer. He then told *Fiske,* there was not money enough, as the writ was to be paid for, and that this was said to *Fiske* before he put up the bond. That, *Fiske* replied, that he would pay no cost — whereupon *Williamson* offered him the money he had paid, and demanded back the bond, but that *Fiske* would neither receive the money or return the bond. — The money paid by *Fiske* was brought into Court.

The counsel for the defendants insisted, that upon these facts *Williamson* was an incompetent witness, on the ground of in-

terest ; but *Weston,* the presiding Judge, overruled the objection. He further contended, that it was to be left to the jury to decide from the testimony, whether the payment was complete, and the business done ; whether the discharge on the back of the bond, was completed, and the bond delivered up to be cancelled, before the additional claim of *Mr. Williamson* was made, and that if the jury should so find the facts, their verdict should be for the defendants. But the Judge instructed the jury, that these facts had been before the whole Court upon exceptions from the Common Pleas, [*see same case* 9 *Greenl.* 51,] and that in their opinion the action was, upon the facts, maintained, — he therefore instructed them, that their verdict should be for the plaintiff, and that against the surety, *Fiske,* they should assess as damages the amount of the execution against *Riggs,* with the charges of commitment, and interest to the time of their verdict. The jury returned an informal verdict, that they found damage twenty-four dollars and sixty-eight cents. The presiding Judge directed it to be put into form, finding the amount of the penalty against the principal, and the amount of the execution and interest, and fees of commitment against the surety.

To this the counsel for the defendants objected, insisting that the jury had not understandingly found as damages the penal sum against the principal, and desiring that they might be inquired of whether such was the fact. But the Judge replied, that by law the penalty was recoverable against the principal and that the jury had no discretion to reduce it — and further that he did not deem their finding upon this point, material or essential. If in the opinion of the whole Court the testimony of *Williamson* ought to have been rejected on the ground of interest — or if the jury were not properly instructed — or if their first finding did not justify the verdict which was signed and affirmed, the verdict was to be set aside and a new trial granted, otherwise, judgment was to be rendered thereon.

*Sprague,* for the defendants, contended that *Williamson* had an interest in the suit, and ought therefore to have been rejected as a witness. The action was commenced and pursued

without authority, and was therefore pursued *at the risk* of the attorney. It is true, that after the attorney had received the amount due on the bond, and had discharged it, he received a letter from his client directing him to pursue the action—but then he had communicated none of these circumstances of the payment, discharge, &c. to his client. Now, suppose the plaintiff fail in this suit, will he not have a claim over against the attorney? His consent to the attorney to prosecute the action, was given without a knowledge of the facts, the attorney had not disclosed them to him, he therefore would not be bound by such consent. Hence the attorney had a direct interest in the event of the suit, and was inadmissible as a witness.

But suppose *Williamson* was properly admitted, then what is to be the effect of his testimony?

In an action on a bond, evidence of payment after the day, or forfeiture, is a sufficient defence. 2 *Stark.* 310; *Dix v. Park*, 1 *Esp. Cas.* 110; 1 *Chitty's Pl.* 480, 481; 2 *Chitty's Pl.* 505; *Bond v. Cutler*, 7 *Mass.* 205; 3 *Cranch*, 293. On a jail-bond *nil debit* is a good plea. 11 *Johns. Rep.* 474; 8 *Johns. Rep.* 82; 1 *Chit. Pl.* 478.

Suppose then this transaction had been completed—the money paid, and the bond discharged; there was an end of the plaintiff's claim, and of the defendant's liability. This was a question of *fact* which should have been submitted to the jury. By one construction of the testimony, the jury might have considered that the transaction was not consummated—by another, that it was—and they should have had the opportunity to decide. The defendant produced the bond with a discharge upon the back of it, as evidence in his defence. *Mr. Williamson* was called to contradict the discharge. Here, then, was conflicting evidence proper to be submitted to the jury.

The verdict was erroneously rendered as matter of form, for double the amount for which it was first returned. The first, was for the debt and costs in the execution, the amended one, was for *double* this amount, the penal sum of the bond.

*W. D. Williamson*, for the plaintiff, to the question of competency of the witness, cited *Fisher v. Willard*, 13 *Mass.* 381; *Phillips v. Bridge*, 11 *Mass.* 242.

Steward *v.* Riggs & al.

The opinion of the Court was delivered by

MELLEN C. J. — The report of the Judge presents three questions for the decision of the Court.

1. Was *Mr. Williamson* properly admitted as a witness ? He is not the indorser of the writ ; and in reply to his letter to the plaintiff, stating, in substance, the facts in relation to the present action, he received the letter referred to in the report. In this letter, the plaintiff wishes him to prosecute the action and engages to reimburse to him all expenses he might incur in the prosecution. Under these circumstances we do not perceive how he can be considered interested any more than every agent is, acting under the authority and orders of his principal.

2. Were the instructions of the Judge to the jury correct ? The facts are the same as they appeared on the trial in the Court of Common Pleas; and we have already given our opinion on them, that they did not amount to a payment and discharge of the bond ; in consequence a second trial has been had. In this state of the case, the presiding Judge of this Court, instructed the jury that the action was maintained upon the facts before us ; they not constituting a legal defence. It is contended, that this instruction was incorrect ; that the questions, whether the payment was complete, and the business done and the bond delivered up, before the additional claim of *Mr. Williamson* was made, should have been left to the jury. It was not intimated at the argument that any other evidence existed on the part of the defence ; nor did *Mr. Williamson* testify to any one fact contradicting the language of the receipt on the back of the bond ; on the contrary, he testified that he wrote and signed it. His testimony was important merely as it respected certain *additional* facts. As to these there was no pretence that they could be controlled or varied or weakened by any opposing proof. But it is urged by the defendant's counsel that they had a right to the opinion of the jury as to the value of *Mr. Williamson's* testimony and his credibility as a witness. In reply to this argument, we remark, that the jury had an opportunity of weighing his testimony, they were not prohibited from so doing. A Judge, when giving instructions to a jury, is not obliged at every sentence to introduce the *cau-*

*tionary condition*, "if you believe the witness." This is to be understood as always implied, when not expressed ; or else we must absurdly presume that they are to follow his instructions, whether they believe the evidence or not ; and that such is his meaning in giving his instructions. Besides, a jury is to act and decide on evidence, not caprice : — they are to draw conclusions from legitimate premises. In the present case they must be considered as having done so, in believing a witness who stood before them unimpeached ; and, for any thing appearing to the contrary, unsuspected. Had the defendant introduced or offered to introduce any impeaching evidence, it should unquestionably have been submitted to the special consideration and judgment of the jury. The facts of the case, therefore, being uncontested, it is a question of law, whether they amount to a *payment* and *discharge* of the bond, as much as it is a question of law, whether certain facts proved, amount to a *tender*. As to this principle no one can entertain a doubt. As a question of law, we have once given our opinion upon it, and we perceive no good reasons for changing it.

3. Was the verdict properly returned and affirmed ?

The first section of the statute of 1830, *ch.* 463, furnishes a ready and conclusive answer to this question. It provides, that in all actions on bond, if the verdict be for the plaintiff, the *jury shall assess the damages by their verdict*, and the *Court* shall enter judgment for the penal sum of the bond. In the present case the jury assessed damages against *Fiske* to the amount of the plaintiff's execution against *Riggs*, the original debtor, with interest and *charges of commitment*, and damages against *Riggs*, equal to the amount of the penalty, according to the directions of the 10th *sect.* of the act of 1822, *ch.* 209. The informality of the verdict as *returned*, was properly corrected before it was *affirmed*, according to constant practice.